77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
RHEOX, INC., Plaintiff-Appellant,
v.
UNITED CATALYSTS INC. and Sud Chemie GmbH., Defendants-Appellees.
 No. 95-1546.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1995.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 
 1
 United Catalysts, Inc. et al. (UCI) move to dismiss Rheox Inc.'s appeal. Rheox opposes. Rheox moves for a three-day extension of time, until December 1, 1995, to file its brief. Rheox states that UCI consents.
 
 
 2
 Briefly, Rheox sued UCI for patent infringement. UCI counterclaimed, seeking damages for antitrust violations and a declaratory judgment of invalidity. Rheox moved for a preliminary injunction against UCI and a default judgment against Sud Chemie GmbH. UCI moved for a partial summary judgment of invalidity.
 
 
 3
 On August 25, 1995, in a lengthy order that addressed only the invalidity of Rheox's patent, the district court granted UCI's motion for partial summary judgment, determining that Rheox's patent was anticipated under 35 U.S.C. § 102. The district court further determined that "[b]ecause [Rheox's] patent is not valid, the Court need not reach the issues presented by the other motions and they will be denied." Rheox appealed, apparently seeking review of the "denial" of the preliminary injunction and the grant of partial summary judgment of invalidity.
 
 
 4
 UCI argues that an interlocutory appeal under 28 U.S.C. § 1292(a)(1) and (c)(2) is not permissible because the district court did not explain its reasons or make factual findings concerning Rheox's preliminary injunction motion and because the grant of a partial summary judgment, by itself, is not appealable interlocutorily. Rheox contends that the August 25 order is immediately appealable as the denial of an injunction and that this court has authority under the doctrine of pendent jurisdiction to review the other portion of the order relating to invalidity.
 
 
 5
 Both parties evidence some confusion concerning what the district court did in this case. The motion for a preliminary injunction was mooted when the district court decided the invalidity issue on the merits. Arguably, the district court's partial summary judgment order had the effect of denying Rheox's request for a permanent injunction. However, there were no preliminary or pre-decision relief issues left to decide. The patent portion of the case was decided on the merits.
 
 
 6
 In Woodard v. Sage Prods., Inc., 818 F.2d 841 (Fed.Cir.1987) (in banc), we held that an order which effectively denies injunctive relief is appealable under § 1292(a)(1) if that order (1) is "injunctive in nature," (2) will "cause a serious, if not irreparable, consequence," and (3) "can be effectually challenged only by immediate appeal." Woodard, 818 F.2d at 849. The facts of Woodard are similar to the facts in this case. Woodard appealed a partial summary judgment of noninfringement on the ground that it effectively denied Woodard's request for a permanent injunction. We held that the interlocutory order granting partial summary judgment of noninfringement was not immediately appealable as an order denying an injunction because the order did not have a serious consequence and was not effectively unreviewable after trial. Id. at 855.
 
 
 7
 Likewise in this case, whether or not the August 25 order is injunctive in nature, it does not cause a "serious, if not irreparable, consequence." In Woodard, we stated that "[w]hether permanent injunctive relief is delayed until after the trial, after an appeal, or after a second trial, a permanent injunction is generally still obtainable." Id. at 852. As we noted, just because there may be a delay in obtaining a permanent injunction if an immediate appeal is not permitted does not mean that immediate review is required. Id. Lastly, we conclude that the August 25 order can be effectively reviewed after the trial of UCI's counterclaims. The prospect of a trial on UCI's counterclaims or a second trial after an appeal from a final judgment does not make the order effectively unreviewable after a final judgment has been entered. See id. at 854-55. Thus, Rheox's appeal must be dismissed.
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) UCI's motion to dismiss is granted.
 
 
 10
 (2) Rheox's motion for an extension of time to file its brief is moot.
 
 
 11
 (3) Each side shall bear its own costs.